# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OPES CAPITAL FUND I, LP, WORTH FINANCIAL TAX SERVICES, LLC d/b/a WORTH ADVISORS, WORTH FINANCIAL INSURANCE SERVICES, LLC, GLEN WRIGHT, II, individually, and CHARLES HORTON, JR., individually,<br><br>    Plaintiffs,<br><br>v.<br><br>EVOLUTION SPORTS LLC f/k/a REVOLUTION SPORTS AGENCY LLC, and DAMARIUS BILBO, individually,<br><br>    Defendants. | Civil Action No.<br><br>_____ |

## COMPLAINT

COME NOW, Plaintiffs Opes Capital Fund I, LP ("Opes"), Worth Financial Advisory Group, LLC d/b/a Worth Advisors ("Worth Advisors"), Worth Financial Tax Services, LLC d/b/a Worth Tax Advisors ("Worth Tax Advisors"), Worth Financial Insurance Services, LLC ("Worth Financial Insurance"), Glen Wright, II ("Mr. Wright"), and Charles Horton, Jr. ("Mr. Horton") (collectively, the "Opes Parties"), and hereby file this Complaint, respectfully showing the Court as follows:

138114935.3

## PARTIES, JURISDICTION, AND VENUE

1.

Opes is a limited partnership with an office and place of business in Mecklenburg County, North Carolina. Opes' partners are also residents of North Carolina

2.

Worth Advisors is a limited liability company with an office and place of business located at 5605 77 Center Drive Suite 101, Charlotte, North Carolina 28217. Worth Advisors' members are also residents of North Carolina.

3.

Worth Tax Advisors is a limited liability company with an office and place of business located at 5605 77 Center Drive Suite 101, Charlotte, North Carolina 28217. Worth Tax Advisors' members are also residents of North Carolina.

4.

Worth Financial Insurance is a limited liability company with an office and place of business located at 5605 77 Center Drive Suite 101, Charlotte, North Carolina 28217. Worth Financial Insurance's members are also residents of North Carolina.

5.

Mr. Wright and Mr. Horton are citizens and residents of the State of North Carolina.

6.

Defendant Evolution Sports LLC f/k/a Revolution Sports Agency LLC ("Evolution") is a Georgia limited liability company with its principal place of business in 75 14th Street NE, Suite 2110, Atlanta Georgia 30309. Upon information and belief, Evolution's members are also residents of Georgia.

7.

Defendant Damarius Bilbo ("Mr. Bilbo") is a citizen and resident of Fulton County, Georgia.

8.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between Opes Parties, and Evolution and Mr. Bilbo (collectively, "Defendants"). The amount in controversy exceeds $75,000.00. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) and the parties have expressly consented to venue in this district.

## FACTUAL ALLEGATIONS

*Prior Bridge Loans and Defaults*

9.

Opes, on its own behalf or through one or more affiliates, and Mr. Bilbo entered into a series of bridge loan agreements intended to provide short-term working capital for Mr. Bilbo's professional sports agency enterprise (the "Bridge Loans").

10.

The series of Bridge Loans culminated in an agreement entered April 5, 2018 ("April 2018 Bridge Loan"). Under the April 2018 Bridge Loan, the amount of principal, interest, and fees from the previous Bridge Loans was rolled into the April 2018 Bridge Loan. The April 2018 Bridge Loan also enabled additional funding, with a total amount loaned not to exceed $1.1 million.

11.

Under the April 2018 Bridge Loan, additional funds were provided, upon which interest accrued on the loaned funds according to the agreement.

12.

In connection with the April 2018 Bridge Loan, Evolution executed a Loan Agreement ("Loan Agreement") and a Promissory Note under which Evolution

promised to pay Opes, in accordance with the Loan Agreement, all amounts due under the Loan Agreement ("Promissory Note").

13.

As part of the April 2018 Bridge Loan and as an inducement for Opes to enter into the agreement, Mr. Bilbo executed a Guaranty Agreement in which he personally guaranteed the repayment of all sums due under the Promissory Note if Evolution failed to so pay ("Guaranty").

14.

Evolution failed to repay the Promissory Note when it matured on December 31, 2018. Neither Evolution nor Mr. Bilbo has repaid Evolution's obligations under the Promissory Note or the Guaranty since December 31, 2018.

15.

The Opes Parties, through counsel, entered settlement discussions with Evolution and Mr. Bilbo, through counsel, regarding Opes's claims for repayment of the April 2018 Bridge Loan ("Prospective Claims"). Evolution and Mr. Bilbo disputed the total amount owed, including principal, interest, and fees, and raised the potential assertion of counterclaims against the Opes Parties ("Prospective Counterclaims").

138114935.3

16.

Evolution, Mr. Bilbo, and the Opes Parties reached a full and binding agreement to settle all the disputes between them.

17.

Evolution, Mr. Bilbo, and the Opes Parties (each a "Party" and collectively, the "Parties"), in accordance with their agreement, have set forth the terms of their settlement both in correspondence between counsel for Evolution, Mr. Bilbo and the Opes Parties, and in a Memorialized Agreement as defined herein.

*Settlement: Material Terms Agreement and Memorialized Agreement*

18.

The parties agreed to material terms on August 12, 2022, as memorialized with email correspondence between counsel for both parties. A true and correct copy of this correspondence is attached hereto as Exhibit "A" ("Material Terms Agreement"). (Declaration of Leron E. Rogers attached hereto as Exhibit "E" ("LER Declaration"), para. 3.)

19.

Counsel for the Opes Parties prepared a draft settlement agreement and sent it to counsel for Mr. Bilbo on or about August 23, 2022. That initial draft proposal included a confession of judgment if Mr. Bilbo breached the agreement. A true and

correct copy of the correspondence and the draft settlement agreement are attached hereto as Exhibits "B-1" and "B-2." (LER Declaration, para. 4.)

20.

On August 31, 2022, counsel for Bilbo sent a message to Leron Rogers, counsel for Opes that stated, "the draft looks good except for the confession of judgment" and he requested that Opes Parties' counsel strike that portion. (LER Declaration, para. 5.)

21.

The parties had discussed a confession of judgment and that was in each of Opes Parties' proposals, but counsel for the Opes Parties realized a confession of judgment was not in the material terms agreed upon by the parties pursuant to the Material Terms Agreement, and accordingly revised the settlement agreement removing the confession of judgment. The final settlement agreement was forwarded to Mr. Bilbo's counsel on September 6, 2022 ("Memorialized Agreement"). A true and correct copy of the email correspondence, a red-lined version of the Memorialized Agreement, and a clean version of the Memorialized Agreement (both of which were attached to the email correspondence) are attached hereto as Exhibits "C-1" through "C-3." (LER Declaration, para. 6.)

138114935.3

22.

On September 7, 2022, counsel for Mr. Bilbo responded "Got it. I'll turn this around. . . ." A true and correct copy of this email correspondence is attached hereto as Exhibit "D." Although he previously agreed to all of the terms, Mr. Bilbo now refuses to sign the Memorialized Agreement. (LER Declaration, para. 7.)

23.

Any and all conditions precedent to the filing and prosecution of this action have occurred, been waived, or have otherwise been satisfied.

### FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT (MEMORIALIZED AGREEMENT)

24.

Opes Parties reallege and incorporate into this count by reference the allegations contained in the foregoing paragraphs as if those allegations were set forth in full herein.

25.

When the existence of a binding agreement is disputed, the proponent of the settlement must establish its existence in writing. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms

of the agreement reached will suffice. *Miller v. Miller*, 356 Ga. App. 142, 146 (2020).

26.

It is well settled in Georgia law that, in the absence of express restrictions, communicated to the opposing party, an attorney has the apparent authority to enter a settlement agreement on behalf of a client and that other parties may enforce such a settlement agreement against that attorney's client. *Cannady v. Automatic Data Processing, Inc.*, No. 1:05-CV-2855-WSD, 2006 WL 3422424, at *7 (N.D. Ga. Nov. 28, 2006).

27.

"This apparent authority applies to an attorney whether or not an action is pending in court. An attorney who has an attorney-client relationship with a party has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by the other settling parties." *Id*.

28.

As detailed above, despite Mr. Bilbo's later refusal to formally execute the Memorialized Agreement, there occurred a meeting of the minds among the parties regarding the agreement. The Memorialized Agreement is accordingly binding and enforceable against the Defendants.

29.

Opes Parties faithfully performed their duties and obligations under the Memorialized Agreement. Any conditions precedent to Opes Parties' recovery thereunder have occurred or otherwise been satisfied by Opes Parties.

30.

Defendants breached the Memorialized Agreement and failed and refused without justification to tender the amount due to Opes Parties or otherwise execute the Memorialized Agreement.

31.

Defendants have no legal excuse or defense that would justify under any legal theory its withholding of any portion of the payment due to Opes Parties.

32.

Defendants' failure to tender the amount due pursuant to the Memorialized Agreement constitutes a compensable breach.

33.

As a result of this breach, Opes Parties have been damaged in an amount to be proved at trial that will include, but not be limited to, the principal amount detailed in the Memorialized Agreement (at least $1,325,000.00).

138114935.3

34.

Pursuant to O.C.G.A. §§ 7-4-2 and 7-4-15, Opes Parties are entitled to recover prejudgment interest at the rate of seven percent (7%) per annum.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT (MATERIAL TERMS AGREEMENT)

35.

Opes Parties reallege and incorporate into this count by reference the allegations contained in the foregoing paragraphs as if those allegations were set forth in full herein.

36.

In the alternative, if this Court determines that the Memorialized Agreement is unenforceable, the Material Terms Agreement is binding and enforceable against the Defendants.

37.

"For ... a contract to be enforceable, the parties must agree on all material terms, and those terms cannot be incomplete, vague, uncertain or indefinite. . . It is unnecessary that a contract state definitively and specifically all facts in detail to which the parties may be agreeing, but as to such matters, it will be sufficiently definite and certain if it contains matters which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties

intended to bind themselves." *Vernon v. Assurance Forensic Acct., LLC*, 333 Ga. App. 377, 382–83 (2015).

38.

Evidenced by correspondence between counsel herein, the parties agreed on all material terms, and those terms were not incomplete, vague, uncertain or indefinite.

39.

Defendants breached the Material Terms Agreement and failed and refused without justification to tender the amount due to Opes Parties.

40.

Defendants have no legal excuse or defense that would justify under any legal theory its withholding of any portion of the payment due to Opes Parties.

41.

Defendants' failure to tender the amount due pursuant to the Material Terms Agreement constitutes a compensable breach.

42.

As a result of this breach, Opes Parties have been damaged in an amount to be proved at trial that will include, but not be limited to, the principal amount detailed in the Material Terms Agreement (at least $1,325,000.00).

43.

Pursuant to O.C.G.A. §§ 7-4-2 and 7-4-15, Opes Parties are entitled to recover prejudgment interest at the rate of seven percent (7%) per annum.

### THIRD CAUSE OF ACTION:
### ATTORNEY'S FEES (PURSUANT TO THE MEMORIALIZED AGREEMENT)

44.

Opes Parties reallege and incorporate into this count by reference the allegations contained in the foregoing paragraphs as if those allegations were set forth in full herein.

45.

Pursuant to Section 5 of the Memorialized Agreement, Opes Parties are entitled to recover their attorneys' fees from Defendants for the enforcement of the Memorialized Agreement.

### FOURTH CAUSE OF ACTION:
### ATTORNEY'S FEES (PURSUANT TO O.C.G.A. § 13-6-11)

46.

Opes Parties reallege and incorporate into this count by reference the allegations contained in the foregoing paragraphs as if those allegations were set forth in full herein.

47.

In relation to their wrongful acts described above and to each and every count set forth above, Defendants have acted in bad faith and have caused Opes Parties unnecessary trouble and expense. As detailed above, Defendants intentionally and in bad faith engaged in the specified misconduct with full knowledge of the harm that would result to Opes Parties.

48.

Opes Parties are entitled to recover all expenses and fees relating to the misconduct of Defendants giving rise to the present litigation. Pursuant to O.C.G.A. § 13-6-11, this recovery includes reasonable attorney fees expended herein by the Opes Parties.

**WHEREFORE**, Opes Parties pray that this Court:

1. Enter judgment against Defendants on all counts stated herein;
2. Award attorney's fees and court costs to Opes Parties pursuant to the Memorialized Agreement;
3. Award attorney's fees and court costs to Opes Parties pursuant to O.C.G.A. § 13-6-11;
4. Award prejudgment interest to Opes Parties pursuant to O.C.G.A. §§ 7-4-2 and 7-4-15; and

138114935.3

5. Grant all relief as the Court deems just and proper.

Respectfully submitted this 22nd day of September, 2022.

/s/ Leron E. Rogers
Leron E. Rogers
Georgia Bar No. 482620
Gerald T. Chichester
Georgia Bar No. 210202

*Counsel for Plaintiffs Opes Capital Fund I, LP, Worth Financial Advisory Group, LLC d/b/a Worth Advisors, Worth Financial Tax Services, LLC d/b/a Worth Tax Advisors, Worth Financial Insurance Services, LLC, Glen Wright, II, and Charles Horton, Jr.*

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
Tel:   (404) 881-5941
Fax:   (404) 962-1200
lrogers@foxrothschild.com
gchichester@foxrothschild.com

15